UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| D.J. ROBERT CARPENTER,<br><br>                Plaintiff,<br><br>    v.<br><br>RIVERSIDE SHERIFF'S OFFICE,<br><br>                Defendant. | Case No. 5:22-cv-00509-PA-SHK<br><br>**ORDER DISMISSING COMPLAINT** |

## I.     BACKGROUND

On March 7, 2022, Plaintiff D.J. Robert Carpenter ("Plaintiff"), an inmate residing at the John J. Benoit Detention Center in Indio, California, and proceeding pro se, constructively[1] filed a civil rights complaint ("Complaint" or "Compl.") seeking relief under 42 U.S.C. § 1983 ("§ 1983") in the United States District Court of the Central District of California. Electronic Case Filing Number ("ECF No.") 1, Compl. Plaintiff filed the case without prepaying his filing fees or filing an application to proceed in forma pauperis ("IFP"), and the Court issued an Order to Show Cause ("OSC") requiring Plaintiff to either: (1) pay the full filing fee; (2) apply to proceed IFP; or (3) show cause in writing why he is unable to perform

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009).

option one or two by April 20, 2022. See ECF No. 4, OSC. On April 14, 2022, the Court received Plaintiff's request for an extension of time ("IFP Ext. Req.") to file his IFP application, ECF No. 5, IFP Ext. Req., which the Court granted in its Minute Order ("MO"), issued on April 18, 2022. ECF No. 6, IFP Ext. Req. MO.

On April 20, 2022, the Court issued an Order Dismissing the Complaint with Leave to Amend ("ODLA"). ECF No. 7, ODLA. Plaintiff was ordered to file a First Amended Complaint ("FAC") within twenty-one days of the service date of the ODLA if he wished to continue to prosecute the action. Id. at 13. Plaintiff was cautioned that if Plaintiff failed to timely file a FAC, "**the Court may recommend that this action be dismissed with or without prejudice for failure to state a claim, failure to prosecute, and/or failure to obey Court orders under Federal Rule of Civil Procedure 41(b).**" Id. at 14 (emphasis in original).

Plaintiff filed his IFP application ("IFP Req.") on May 2, 2022, ECF No. 8, which the Court subsequently granted in an order issued on May 11, 2022. ECF No. 9, IFP Req. Order.

On May 23, 2022, the Court received Plaintiff's letter in which he sought an extension of sixty days to file his FAC ("FAC Extension Request" or "FAC Ext. Req."). ECF No. 10, FAC Ext. Req. In it, Plaintiff stated he faced mail delays and limited access to the jail law library. Id. at 3-4. In an MO issued on May 26, 2022, the Court granted Plaintiff's FAC Extension Request and ordered him to file his FAC by July 9, 2022. ECF No. 11, FAC Ext. Req. MO. As of the date of this Order, Plaintiff has not filed a FAC or otherwise contacted the Court.

## II.  DISCUSSION

District courts have sua sponte authority to dismiss actions for failure to prosecute or to comply with court orders. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962); Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating courts may dismiss an action under Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's

failure to prosecute or comply with the Federal Rules of Civil Procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (ordering dismissal for failure to comply with court orders).

In deciding whether to dismiss for failure to prosecute or comply with court orders, a district court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); see also Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (setting out similar five factors as in Henderson). "Dismissal is appropriate 'where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal.'" Neal v. Reslan, No. CV 19-09291 PA (ASx), 2020 WL 754366, at *1 (C.D. Cal. Jan. 16, 2020) (quoting Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (internal citations omitted) (citing Ferdik, 963 F.2d at 1263)). In a case involving sua sponte dismissal, however, the fifth Henderson factor regarding the availability of less drastic sanctions warrants special focus. Hernandez, 138 F.3d at 399.

Here, the first two factors—public interest in expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal. Even after the Court's warnings and granting of a 60-day extension of time, Plaintiff has failed to file a FAC, respond to Court orders, or otherwise participate in this litigation. This failure to prosecute and follow Court orders hinders the Court's ability to move this case toward disposition and suggests Plaintiff does not intend to litigate this action diligently. See id.

The third factor—prejudice to Defendant—also weighs in favor of dismissal. A rebuttable presumption of prejudice to a defendant arises when plaintiffs unreasonably delay prosecution of an action. See In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994) (citations omitted). Here, Plaintiff has not offered any

3

excuse for his failure to comply with the Court's order and respond in a timely manner and this "prejudice" element, thus, favors dismissal.

The fourth factor—public policy in favor of deciding cases on the merits—ordinarily weighs against dismissal. However, it is Plaintiff's responsibility to move litigation towards disposition at a reasonable pace and to avoid dilatory and evasive tactics. See Morris v. Morgan Stanley, 942 F.2d 648, 652 (9th Cir. 1991). Plaintiff has not met this responsibility despite having been: (1) instructed on his responsibilities; (2) granted sufficient time in which to discharge them; and (3) repeatedly warned of the consequences of failure to do so. Under these circumstances, though this policy favors Plaintiff, it does not outweigh Plaintiff's failure to obey Court orders or to file responsive documents within the time granted.

The fifth factor—availability of less drastic sanctions—also weighs in favor of dismissal. The Court cannot move the case toward disposition without Plaintiff's compliance with Court orders or participation in this litigation. Despite attempts by the Court to obtain a response, Plaintiff has shown he is either unwilling or unable to comply with Court orders by failing to timely file responsive documents or otherwise cooperate in prosecuting this action. The Court is not aware of any lesser sanction that is available in this case. See Henderson, 779 F.2d at 1424 ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case but must explore possible and meaningful alternatives.") (citation omitted); Roman v. Smith, No. 2:18-07909 PA (ADS), 2019 WL 8013120, at *1 (C.D. Cal. Nov. 18, 2019).

Accordingly, because it appears that Plaintiff has abandoned this litigation, and because Plaintiff has defied Court orders, the Court DISMISSES this case, without prejudice.

/ / /

/ / /

### III.  ORDER

Based on the foregoing, IT IS HEREBY ORDERED THAT Judgment be entered **DISMISSING** this case without prejudice.

DATED:  August 3, 2022

_____
PERCY ANDERSON
United States District Judge

Presented by:

_____
HON. SHASHI H. KEWALRAMANI
United States Magistrate Judge